# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Cristian Alberto CRUZ-ROSALES<br><br>*Defendant(s)* | )<br>)<br>) Case No.   3-24-mj-70503 MAG<br>)<br>)<br>)<br>) |

FILED
Mar 29 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   March 27, 2024   in the county of   San Francisco   in the
Northern   District of   California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) | possession of a controlled substance (fentanyl) with the intent to distribute |

This criminal complaint is based on these facts:

See Affidavit of DEA Task Force Officer Anthony Vega, attached hereto and incorporated by reference

☑ Continued on the attached sheet.

/s/ Anthony Vega
*Complainant's signature*

Approved as to form /s/_
AUSA Colthurst

DEA Task Force Officer Anthony Vega
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   03/28/2024

*Judge's signature*

City and state:   San Francisco, California         Hon. Laurel Beeler, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN
ARREST WARRANT AND CRIMINAL COMPLAINT**

I, Anthony Vega, a Task Force Officer with the Drug Enforcement Administration ("DEA"), having been duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging Cristian Alberto CRUZ-ROSALES (hereinafter "CRUZ ROSALES") with possession with intent to distribute fentanyl (N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), occurring on or about March 27, 2024, in San Francisco, California, in the Northern District of California. For purposes of this complaint, CRUZ ROSALES is being charged with possession of fentanyl, although as described below he possessed several federally controlled substances. While not charged in this criminal complaint, the presence of the other controlled substances is relevant, in part, to the determination that CRUZ ROSALES possessed the drugs with the intent to distribute them.

**SOURCES OF INFORMATION**

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to

support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

1. I am employed by the California Highway Patrol as a Police Officer and have been employed since April 2016. I was assigned to the Alameda County Narcotics Task Force ("ACNTF") from February of 2019 until June of 2023, and I am currently detailed as a Task Force Officer to the Drug Enforcement Administration within the San Francisco Division Office since July 2023. I am currently assigned to investigate cases including transnational organized crime and drug trafficking matters.

2. I graduated from the California Highway Patrol academy in April of 2016. At the CHP academy, and afterwards, I have received various trainings, including training on Advanced Roadside Impaired Driving Enforcement, Drug Recognition, Narcotics Investigations, Behavior Analysis, Undercover Buy/Bust Operations, Electronic Surveillance, Cell Phone Use in Narcotic Investigations, Clandestine Laboratories, High Risk Warrant Service, Fentanyl Cases, Drug Endangered Children, and Human Trafficking.

3. I have assisted in the preparation of multiple search warrant applications and other court orders. Additionally, during the course of these and other investigations, I have conducted or participated in physical and electronic surveillance, assisted in the execution of search warrants, debriefed informants, and reviewed other pertinent records. Through my training, education, and experience, I have become familiar generally with the efforts of persons involved in criminal activity to avoid detection by law enforcement. Through my training, experience, and interaction with other Special Agents, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, and to collect and conceal drug related proceeds, and to communicate with other participants to accomplish such objectives. Through my training and experience, I am also familiar with how such individuals use electronic communications, such as

2

cellular telephones, to commit and facilitate drug trafficking offenses.

4. As a duly sworn officer by the state of California and a federal law enforcement officer, I am authorized to investigate violations of laws of the United States and authorized to execute search and arrest warrants under the authority of the United States, including for violations of Title 18 and Title 21 of the United States Code.

4. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

## APPLICABLE STATUTE

5. **Possession of Controlled Substance with Intent to Distribute**. Under Title 21, United States Code, Section 841(a)(1), it is unlawful for any person to knowingly or intentionally possess with intent to distribute a controlled substance. Under 21 C.F.R. § 1308.12, fentanyl is a Schedule II controlled substance. Methamphetamine, cocaine base, and heroin are also federally controlled substances.

## STATEMENT OF PROBABLE CAUSE

6. In summary, on March 27, 2024, CRUZ-ROSALES was arrested by federal law enforcement agents near the intersection of Hyde Street and Ellis Street, in San Francisco, California, in the Northern District of California. As discussed below, before his arrest, he was surveilled by agents as he appeared to sell controlled substances. When agents approached him, he fled and threw a bag under a car as he was running. DEA Special Agents retrieved a small red medical bag from under the car and found inside suspected controlled substances, specifically fentanyl, methamphetamine, heroin and cocaine base. They also found in the bag a small digital scale. As discussed below, the suspected drugs (other than the heroin) were subsequently tested with a TruNarc device which confirmed that the tested substances were fentanyl, methamphetamine, and cocaine base. Based on the facts described below, I have probable cause to believe that CRUZ-ROSALES was in violation of 21 U.S.C. 841(a)(1),

(b)(1)(C), based on his possession of fentanyl with intent to distribute this controlled substance to others.

7.  Additionally, before the arrest, federal law enforcement personnel observed and recorded a male individual, later identified as CRUZ-ROSALES, conducting multiple hand-to-hand narcotics transactions on Hyde Street between Eddy Street and Ellis Street on the east side of the street, between the hours of 10:30 p.m. and 11:00 p.m. on March 27, 2024.  CRUZ-ROSALES was observed wearing a black jacket, black pants, and black shoes.

8.  CRUZ-ROSALES was observed engaging in at least two hand-to-hand drug sales. I have reviewed video recordings of these transactions.  In a transaction that occurred at approximately 10:39 p.m., CRUZ-ROSALES was observed standing on the sidewalk next to a white Ford truck and silver Toyota SUV, conducting what appeared to be a hand-to-hand narcotics transaction with a subject on a bike wearing blue jeans and a black jacket.  In another transaction that occurred at approximately 10:41 p.m., CRUZ-ROSALES completed a suspected hand-to-hand narcotics transaction with a subject wearing grey pants, white jacket and a black backpack.  Based on my training and experience, both of these transactions are consistent with the distribution of a controlled substance.  This conclusion is reinforced by the time and location in which these transactions occurred; the Tenderloin is an area known for a high-volume of narcotics transactions, which occur with greater frequency late at night.

9.  After this surveillance, law enforcement personnel approached CRUZ-ROSALES, and he fled northbound on Hyde Street just north of Ellis Street.  While fleeing on foot, CRUZ-ROSALES was observed throwing an object underneath a black sedan prior to being detained.  The agents searched under the car and retrieved the small red medical bag described above.  The bag included multiple clear plastic tied baggies that included suspected fentanyl, methamphetamine, crack cocaine (cocaine base), and heroin.  Additionally, there was a small digital scale in the bag.  The suspected controlled substances were later weighed, and these were the results:

- Suspected fentanyl in plastic baggies, 38.7g (weight including original packaging)
- Suspected cocaine base in plastic baggies, 14.8g (weight including original packaging)
- Suspected methamphetamine in plastic baggies, 27.2g (weight including original packaging)
- Suspected heroin in plastic baggies, 18.8g (weight including original packaging)

10. With the exception of the suspected heroin, the suspected drugs were also tested with a TruNarc testing device, and the test results were consistent with the presence of fentanyl, cocaine base and methamphetamine.

11. CRUZ-ROSALES was arrested after a short foot chase, and once he was detained, he was searched incident to arrest. Law enforcement recovered various denominations of US Currency from his person.

12. Based on my training and experience, and conversations with other law enforcement officers, I know that drug dealers in the Tenderloin district, in order to cater to their customers, commonly sell multiple drugs at a given time. The simultaneous, collective possession of multiple different controlled substances by CRUZ-ROSALES indicates to me, based on my training and experience, that he possessed the drugs, including the fentanyl charged in this criminal complaint, with the intent to distribute. CRUZ-ROSALES possessed a larger quantity and variety of controlled substances than a normal user would possess for personal use. The typical Tenderloin drug user generally possesses only very small amounts of a drug (e.g., a gram or two at a time), and even then, for a short period of time, because the user will often immediately ingest the drug they just purchased. In addition, the small digital scale found in the bag containing the drugs is also consistent with possession with intent to distribute, since digital scales are frequently used in street transactions to measure the quantities sold to customers.

13. All of the foregoing—including the agents' observation of the multiple hand-to-hand drug transactions involving CRUZ-ROSALES—combined with the location of the arrest in San Francisco's Tenderloin District, an area notorious for a high volume of drug sales activity, leads me to conclude that there is probable cause to believe that CRUZ-ROSALES possessed the drugs which law enforcement found with the intent to distribute.

## CONCLUSION

14. Based on my training and experience, and the facts and circumstances set forth above, I believe probable cause exists to believe that on March 27, 2024, in the Northern District of California, CRUZ-ROSALES possessed with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Accordingly, I respectfully request that the Court issue a criminal complaint and a warrant for their arrest.

/s/
_____
ANTHONY VEGA
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 28th day of March 2024. This complaint and warrants are to be filed under seal.

_____
HONORABLE LAUREL BEELER
United States Magistrate Judge